DENISON & PACIFIC SUBURBAN RAILWAY COMPANY V. ED JAMES ET AL.

Decided January 21, 1899.

### 1.  Practice—Charge—Evidence Raising Issue.

Whether a city council authorized a construction company or a railway company to place dirt in a street, thereby changing the grade, is a question for the jury, where one of the aldermen testified that the city council recommended it, and that the matter was called to the attention of the council, but that he could not state how the vote stood; and an erroneous requested charge to the effect that such authority might be given by the council without a formal order passed by the council, was sufficient to call the court's attention to that phase of the case.

### 2.  Municipal Corporation—Powers of Street Committee.

An instruction, that if the members of the street committee of a city authorized a construction company and a railway company to place dirt in a street for the purpose of improving it, and that it was usual and customary for such committee to have such improvements made, neither company is liable to an abutting owner for damage sustained by the change of grade,—is properly refused where there is no evidence as to the authority, character, powers or duties of the street committee.

### 3.  Joint Tort Feasors—Recovery Over, When.

A railway company is liable to a property owner for damages resulting from placing dirt in the street in front of his property under a contract between it and construction company authorizing the engineer of the railway company to direct where the dirt should be placed, where the engineer did direct such dirt to be placed in the street in front of the property.

**4. Municipal Corporation—Streets—Delegation of Authority.**

Consent of each individual member of a city council to which, under the city charter, the control of its streets is given, will not confer authority upon a councilman to arrange with a construction or railway company to place dirt in one of its streets for the purpose of improving such streets, action by the council as such being necessary in the matter.

APPEAL from Grayson.   Tried below before Hon. DON A. BLISS.

*Head, Dillard & Muse,* for appellant.

No brief for appellee.

BOOKHOUT, ASSOCIATE JUSTICE.—This suit was instituted by Ed James in the District Court of Grayson County against the city of Denison, the St. Joseph Construction Company, and the Denison & Pacific Railway Company to recover damages for placing an embankment in the street in front of his property in the city of Denison.

The railway company answered that the work was done by the construction company under an independent contract in which it was agreed that any damage sustained by the owners or occupants of land or other property in the vicinity of the work to be done should be paid by the construction company.   It further alleged that the work was done under the authority and at the request of the city of Denison.

The construction company answered that it acted under authority from the city of Denison and the railway company, and prayed for judgment over against them.

The city of Denison answered by general denial, and specially denied giving authority to either the construction company or the railway company to place the dirt in the street.

A trial was had which resulted in a verdict and judgment in favor of plaintiff for $200 against the St. Joseph Construction Company, and for the same amount in favor of the construction company against the railway company.   From this judgment the appeal has been duly prosecuted to this court by the Denison & Pacific Railway Company.

The case has been briefed by appellant only.

Appellant's first assignment or error reads:  "The court erred in refusing the first special charge requested by this defendant, which is as follows:   The city of Denison under its charter has the right to make improvements in its public streets of the character in question in this case, and if you believe from the evidence that the said city authorized the other defendants to make the improvements in the street complained of by plaintiff, you will find for the defendant the St. Joseph Construction Company, and the defendant the Denison & Pacific Railway Company, and in deciding whether or not the city gave such authority, you are instructed that a formal order passed by the city council in session as such is not necessary, but authority given in the manner usual with the council in such case would be sufficient."   The special charge sub-

stantially in the language of this assignment was requested by the rail-
way company and refused by the court. The record shows that the
witness Foster, who was an alderman of the city of Denison, testified as
follows: "Yoakum, the mayor, Mr. Sweeney, the chairman of the street
and alley committee, and Mr. Coleman and myself were all there at the
same time and wanted the street filled up much higher than it was. They
also put in sewer pipe to correspond with the fill, and the city teams
hauled the pipe out there. This was while the work was progressing
that we were out there. All of these councilmen agreed with me that
this should be done, and I told Wogan & Reesch what had been agreed
upon, and they filled it in." Again he says: "I saw the members of
the street and alley committee and the councilmen that I have men-
tioned, and they agreed that it should be done." Again he testified:
"I made application to them and asked if they would fill up the street,
and they said yes, and I told the councilmen I have mentioned, as be-
fore stated, and they agreed to it. I just told them that the council-
men agreed to it, and I gave them authority to do it, for the *council
recommended* it." Again he says: "I suggested the matter to the coun-
cil, but can not now state how the vote stood there." There was no ob-
jection to the admission of this evidence. Wogan represented the con-
struction company. Reesch was engineer for the railway company.

By the terms of the charter of the city of Denison, the city council is
given exclusive control and power over the streets. The city council is
authorized to regulate, change, and establish the grade of all sidewalks
and streets and require and compel the filling up and raising of the
same. If the city of Denison, acting under the powers conferred upon
it by its charter, gave authority to the construction company and the
Denison & Pacific Suburban Railway Company, or to both, and acting
under such authority said construction company or railway company, or
both, placed dirt in the street in front of plaintiff's property, thereby
raising the grade of said street, and by reason thereof plaintiff's property
was damaged in such a manner as to entitle him to compensation there-
for, the city of Denison would be liable to him for such damages, and
neither the construction company nor the railway company would be
liable. While the evidence as to whether the city council authorized the
dirt to be placed in the street is unsatisfactory and not of a conclusive
character, yet we can not say that there is no evidence upon this issue.
Foster says: *"The council recommended it."* He says the matter was
called to the attention of the council, but he can not state how the vote
stood. We think there was sufficient evidence to justify the submission
of this issue to the jury. We can not, however, give our approval to
the special charge requested by appellant. Said charge, however, was
sufficient to call the court's attention to this phase of the case, and the
court should have given a charge submitting this issue.

Appellant's third assignment of error complains of the action of the
court in refusing the following special instructions requested by appel-
lant: "If you find from the evidence that the members of the street

committee of the city of Denison authorized and requested the St. Joseph Construction Company and the Denison & Pacific Suburban Railway Company to place the material complained of in the street for the purpose of improving the same, and that it was usual and customary for such committee to have such improvements made, you will find for such construction and railway company." The court did not err in refusing this charge.

There is no evidence in the record as to the authority, powers, or duties of the street committee of the city of Denison. The street committee would not have the authority to authorize the doing of said work unless such authority was conferred upon them by the charter or city council.

Appellant's seventh assignment complains of the following charge: "Now, if you believe from the evidence that the defendant placed said substance or substances on said street in front of plaintiff's said property, but that it did so at the instance and request of the engineer who was placed in charge of said work by the Denison & Pacific Suburban Railway Company, then if you find for plaintiff under the instructions hereinbefore given, you will find for the defendant, the St. Joseph Construction Company, over against its codefendant, the Denison & Pacific Suburban Railway Company, whatever amount you may find in favor of plaintiff against the St. Joseph Construction Company."

It is contended that if the city of Denison did not authorize the construction company and the railway company to do the work, that then the construction company and the railway company are joint wrongdoers and that neither could recover over against the other.

The written contract between the two companies authorized the engineer of the railway company to direct where the dirt should be placed. The engineer of the railway company directed the dirt to be placed in the street in front of plaintiff's property.

We thing a fair construction of the contract between the construction company and the railway company makes the railway company liable for the damages resulting from placing the dirt in the street.

Appellant's eighth assignment reads as follows: "The court erred in refusing to allow the defendants, the St. Joseph Construction Company and the Denison & Pacific Suburban Railway Company, to prove that all of the members of the city council of the city of Denison, and all of the members of the street committee of said city, authorized and directed Councilman J. H. Foster to arrange with the St. Joseph Construction Company and the Denison & Pacific Suburban Railway Company to place the material complained of by plaintiff in the street for the purpose of improving the street, and that in pursuance of this authority said Councilman Foster did request and procure the construction company and the said railway company to so deposit said material, informing them that it was done by the direction of the council, and at their request, this authority from the members of the council and street committee, however, being given as individuals and not by ordinance or resolution

passed at a regular meeting of the council." This assignment is without merit.

By the terms of the charter of the city of Denison the control of the streets is given to the city council. The city council is composed of the mayor and aldermen of the city. The charter provides that they shall hold regular meetings of the city council, and gives the manner of holding and conducting said meetings. It also provides for a city secretary, who shall attend every meeting of the city council and keep accurate minutes of the proceedings thereof, in a book to be provided for that purpose. The voice of the council is ascertained by a vote, which it is the duty of the city secretary to record.

To prove that all the members of the city council and all the members of the street committee authorized and directed councilman J. H. Foster to arrange with the construction company and with the railway company to place the material complained of by plaintiff in the street for the purpose of improving the street, would not show authority from the city council. Consent of each individual member of the council would not confer authority. It could only be given by the city council, acting as a council, in the manner pointed out in the charter.

For the error pointed out, the judgment of the lower court is reversed and the cause remanded.

*Reversed and remanded.*